UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARIAN PRIGMORE, ET. AL.**     **CIVIL ACTION**

**VERSUS**     **NO: 11-238**

**JIM COOLEY CONSTRUCTION, INC., ET. AL.**     **SECTION "C"(2)**

## ORDER AND REASONS

Before this Court comes Plaintiffs' Motion to Remand to State Court. (Rec. Doc. 10). Defendants oppose the motion. (Rec. Doc. 12). Having considered the record, the memorandum of counsel, and applicable law, the motion is GRANTED for the following reasons.

### I. Background

On September 6, 2010, Marian Prigmore was allegedly walking with her husband, James Prigmore, along Bonnabel Boulevard toward the Bonnabel boat launch area, which was undergoing construction. (Rec. Doc. 1-2 at 2). As she was walking along the road, Mrs. Prigmore allegedly slipped into rubble at the edge of the blacktop, injuring herself. *Id.* The Prigmores filed the present suit in the 24th Judicial Court for the Parish of Jefferson, State of Louisiana, alleging that Defendants caused Mrs. Prigmore's injuries by failing to maintain a safe construction area. *Id.* Defendants subsequently removed that action to this Court, alleging that because they were acting as a contractor and subcontractor to the Army Corps of Engineers they were entitled to removal under 28 U.S.C. § 1442(a)(1). (Rec. Doc. 1 at 2).

### II. Law and Analysis

A removed case must be remanded to state court if the district court lacks subject matter

1

jurisdiction. 28 U.S.C. § 1447(c). "[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d 387, 396 (5th Cir. 1998). Defendants argue the present case was properly removed based upon the Federal Officer Removal Statute, 28 U.S.C. § 1442(a). (Rec. Doc 1 at 2).

> The Federal Officer Removal Statute provides in relevant part:
>
> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). The Supreme Court has held that the statute's basic purpose is to prevent the States from interfering with the official acts of Federal officers and agencies by suing or prosecuting them in state court for violations of state law. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 150 (2007). The Fifth Circuit has instructed district courts to interpret § 1442(a)(1) broadly, so as to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties." *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 396 (5th Cir. 1998). However, the Supreme Court has held that § 1442(a)(1) does not provide an independent basis of federal jurisdiction, but rather is only meant to avoid the restrictions of the well-pleaded complaint rule, which would otherwise prevent a federal defendant from obtaining removal based upon a federal defense. *Mesa v. California*, 489 U.S. 121, 136-37 (1989).

In *Mesa* the Supreme Court held that in order to properly invoke the Federal Officer Removal Statute, the removing party must show that: (1) the party qualifies as a person under the

2

statute; (2) the party acted under the direction of a federal officer; (3) the party has raised a federal defense to the plaintiff's claims; and (4) the party has demonstrated a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 131-132 (1989).

Here the Court finds that Defendants have not established a causal nexus between Plaintiffs' claims and the actions they performed under the relevant contract with the Army Corps of Engineers. Plaintiffs assert what is basically a slip-and-fall claim against Defendants based upon the alleged muddy condition of the road and construction site at the Bonnabel boat launch. (Rec. Doc. 10-1 at 11). While Defendants argue that the Army Corps of Engineers required them to keep the road open to the public during construction, they do not suggest that the Army Corps of Engineers required them to leave clay and mud on the edge of the blacktop road. (Rec. Doc. 12 at 5). In fact, the contract seems to require the opposite, as it contained a provision that specifically required a traffic control device plan to provide for the safe and expeditious movement of pedestrians through the construction area. (Rec. Doc. 10-1 at 7). Remand is appropriate in this case because Plaintiffs' claims are based on the allegedly dangerous condition of the construction site at the Bonnabel boat launch and Defendants have not established that the Army Corps of Engineers required them to leave the construction site in the condition alleged.

Defendants' reliance on *Crocker v. Borden, Inc.*, 852 F.Supp 1322 (E.D. La. 1994), is misplaced, as in that case there was a clear causal nexus between the plaintiffs' claims and the defendant's acts performed under the color of federal office. Specifically, in *Crocker*, several workers asserted claims based on their alleged exposure to asbestos during the construction of marine turbines, which were constructed by the defendant according to precise specifications drawn up by the U.S. Navy. 852 F.Supp. at 1327.

Moreover, the Court finds that Defendants have not established that they were "acting under" the Army Corps of Engineers. In the Fifth Circuit a private company "acts under" the direction of a federal officer when it can demonstrate that it had a contract with the government and: (1) the government maintained strict control over the development and production of the product at issue; (2) the government required the production to be done in accordance with the government's specifications set forth in government contracts and documents referenced therein; and (3) the government performed inspections. *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398-400 (5th Cir. 1998). However, "the 'acting under' element is not satisfied where, as here, a company follows the basic contractual parameters after the government has entered the market to obtain a service." *Breaux v. Gulf Stream*, 2009 WL 152109 at *5 (E.D. La. 2009).

In *Breaux* the defendant had a highly detailed contract with the Federal Emergency Management Agency ("FEMA"); however, because that contract provided the defendant with discretion to exceed minimum requirements established in the contract, the court found that the defendant was not "acting under" FEMA for purposes of § 1442(a)(1). *Id.* at *4-5; *see also Creighton v. Fleetwood Enterprises, Inc.*, 2009 WL 1229793 at *7 (E.D. La. 2009) (finding that a defendant was not "acting under" FEMA because its contract with FEMA only "provided certain minimum requirements and left the remaining details of implementation to the discretion of [the defendant]").

Here the contract with the Army Corps of Engineers states that the "Contractor shall develop and implement a site specific traffic control device plan (TCDP)...which shall provide for the safe and expeditious movement of traffic and pedestrians through construction zones." (Rec. Doc. 12-2 at 3). By the very terms of the contract Defendants were given the discretion to create their own traffic control device plan. Moreover, pursuant to the contract, Defendants were responsible for the

4

"installation and maintenance" of all traffic control devices for the duration of the construction period. *Id.* at 4. Finally, the contract clearly established only minimum requirements (e.g. "[t]he necessary precautions shall include, but not be limited to") and gave Defendants broad discretion for day-to-day operation of safety measures (e.g. "[t]he Contractor shall monitor traffic control devices on a daily basis and shall make appropriate changes to correspond to conditions"). *Id.* Therefore the Court finds that, like the defendants in *Breaux* and *Creighton*, Defendants have not provided "evidence of the type of 'direct and detailed control' necessary to support federal jurisdiction." *Creighton*, 2009 WL 1229793 at *6.

The Court also notes that allowing Plaintiffs to assert their claims in state court is consistent with the purpose and history of § 1442(a)(1), as it is unlikely to create state-court prejudice or to impair the Army Corps of Engineers' ability to hire future contractors. *Cf. Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 152 (2007) ( holding that litigation over the defendant's compliance with a regulatory order "does not ordinarily create a significant risk of state-court 'prejudice'" nor "disable federal officials from taking necessary action designed to enforce federal law").

### III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Remand to State Court is GRANTED. (Rec. Doc. 10).

New Orleans, Louisiana this 23rd day of May, 2011

                                                  HELEN G. BERRIGAN
                                                  UNITED STATES DISTRICT JUDGE